## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

**EDWARD R. JONES,**

    **Plaintiff,**

**v.**            **Civil Action No.  1:07cv57**
                 **(Judge Keeley)**

**JOHN L. BOARD, Taylor County Prosecuting Attorney**,
**MICHAEL D. KOCHKA, Police Officer, Grafton City Police,**
**EDWIN DELGADO, Taylor County Sheriffs Dept.,**
**ROBERT BELTNER, Police Chief, Grafton City Police Dept.**,
**DARLE SETTLER, Jr., self-employed business owner, Advanced Alarm Technology,**
**ROBERT HILL,**
**C.A. PRICE, Correction Officer, TVRJ**

    **Defendant.**

## REPORT AND RECOMMENDATION

   Th plaintiff, a *pro se* state inmate, currently incarcerated at the Huttonsville Correctional Center,  initiated this case pursuant to a civil rights complaint filed on April 26, 2007.  On May 7, 2007, he was granted leave to proceed *in forma paperis*, and on May 9, 2007, the  filing fee was paid.  Accordingly, this case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1515(A) and LR PL P 83.01, *et seq*.

## I.  The Complaint

## A.  Defendants Bord, Kochka, Delgado, Beltner, Settler, Hill

   In the complaint, the plaintiff alleges two separate and distinct causes of action.  First,  he is seeking damages against these six defendants for their alleged actions that lead to his wrongful conviction and incarceration.  The plaintiff lists a multitude of violations committed by the various defendants.  Among them are allegations that John Bord filed false charges against him and engaged

in various improper activities during trial including withholding exculpatory evidence. The plaintiff alleges that Michael Kochka falsified reports and committed perjury during trial. He alleges that Edwin Delgado illegally entered his home and committed an unconstitutional search and seizure. He further alleges that Robert Beltner failed to conduct a proper police investigation. He alleges that Robert Hill edited a video tape to hide exculpatory and critical evidence. Finally, he alleges that Robert Hill was aware of the shortened video tape and helped conceal exculpatory evidence.

## B.  Defendant C.A. Price

The plaintiff's second claim is against C.A. Price, a correctional officer at the Tygart Valley Regional Jail. The plaintiff alleges that on March 18, 2007, defendant Price required him to undergo a strip search[1] in a non-private area of the jail in view of a female office worker. The plaintiff maintains that this action was degrading and humiliating and violated his constitutional rights.

## II.  Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal

---

[1]In reviewing an exhibit the plaintiff attached to his complaint, it would appear that the plaintiff actually maintains that he was subjected to a body cavity search. See Doc. 1-2.

fashion. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).   A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. <u>See Neitzke</u> at 328.  Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are  "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

## III.  Analysis

The plaintiff's claims against the first six defendants should be dismissed as frivolous because plaintiff has no chance of success.  In <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364 (1994), the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

<u>Heck</u> at 487 (footnote omitted).  Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit.  <u>Id.</u> at 484.

Upon review of the complaint, it is clear that a decision favorable to the plaintiff with respect to his allegations against defendants Bord, Kochka, Delgado, Beltner, Settler, and Hill "would necessarily imply the invalidity  of his conviction or sentence"[3] and that the plaintiff has failed to make a showing that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or

---

[2] <u>Id.</u> at 327.

[3] <u>Harden v. Pataki</u>, 320 F.3d 1289, 1291 (11th Cir. 2003) (citing <u>Heck</u> at 487).

called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the plaintiff has no chance of success on the merits and this claim is frivolous.

However, the undersigned believes that C.A. Price should be made to answer the complaint. Body cavity searches do not violate the Fourth Amendment if reasonable and not motivated by punitive intent. Bell v. Wolfish, 441 U.S. 520, 545-46, 558-61 (1979). Courts gauge the reasonableness of a particular search by balancing the need for the search against the invasion of personal rights that the search entails. To this end, a court must consider the scope of the particular intrusion, the manner in which it was conducted, the justification for initiating it, and the place in which it was conducted. Id. at 559. Here, the plaintiff alleges that the search to place in a non-private area in front of a female officer worker. Accordingly, the plaintiff's complaint gives rise to a permissible inference that the search may have occurred in an unnecessarily open area.

## IV. Recommendation

In consideration of the foregoing, it is recommended that:

(1) the plaintiff's claims against John L. Bord, Michael D. Kochka, Edwin Delgado, Robert Beltner, Darle Settler, Jr., and Robert Hill be **DISMISSED with prejudice** and that these individuals be dismissed as defendants in this action; and

(2) the plaintiff's claims against C.A. Price proceed, and that this defendant be **SERVED** with a copy of the summons and complaint through the United States Marshall Service.

Within ten (10) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from

a judgment of this Court based upon such Recommendation.  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of  of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

IT IS SO ORDERED.

DATED: July 22, 2008


 /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE