IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**EDWARD R. JONES,**

        Plaintiff,

v.                                                        Civil No. 1:07cv57
                                                          (Judge Keeley)

**C.A. PRICE, CORRECTIONAL OFFICER,
TYGART VALLEY REGIONAL JAIL,**

        Defendant.

**ORDER SUSTAINING JONES'S OBJECTIONS [DKT. NO. 42],
REJECTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
[DKT. NO. 38], DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGMENT
[DKT. NO. 34], AND DENYING AS MOOT JONES'S MOTION FOR
A SIXTY DAY CONTINUANCE OF THE COURT'S RULING [DKT. NO. 41]**

**I. INTRODUCTION**

Pursuant to 42 U.S.C. § 1983, on April 26, 2007, the pro se plaintiff, Edward R. Jones ("Jones"), a state inmate, filed a complaint alleging that the actions of the defendants, John L. Bord, Michael D. Kochka, Edwin Delgado, Robert Beltner, Donald Settler, Jr., and Robert Hill (collectively, the "Taylor County defendants"), had led to his wrongful conviction on two counts of malicious assault. Jones also alleged that, on March 18, 2007, the defendant, C.A. Price ("Price"), a correctional officer at the Tygart Valley Regional Jail, violated his constitutional rights by requiring him to undergo a strip search in a non-private area of the regional jail in front of a female office worker.

**ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

## II. PROCEDURAL BACKGROUND

Pursuant to Local Rule of Prisoner Litigation 83.02 and Local Standing Order No. 2, the Court referred this civil action to Magistrate Judge James E. Seibert ("Magistrate Judge Seibert") for initial screening. On July 22, 2008, Magistrate Judge Seibert conducted a preliminary review of the file and issued his first Report and Recommendation ("the first R&R") (dkt. no. 13), in which he recommended that Jones's claims against the Taylor County defendants be dismissed with prejudice because they were frivolous and had no chance of success. He recommended, however, that the Court direct defendant Price to answer the complaint against him. Id.

Thereafter, on August 8, 2008, the Court entered an order adopting the first R&R and directing that a copy of the summons and the complaint be served on Price through the United States Marshal Service. (dkt. no. 16). On August 26, 2008, Price filed a "Motion to Dismiss, or in the Alternative, for Summary Judgment." (dkt. no. 20). The next day, a Roseboro Notice was issued to Jones, who filed a response on September 23, 2008. Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). (dkt. nos. 22 & 26).

**ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

Following that, on September 30, 2008, Magistrate Judge Seibert issued a second R&R recommending that the Court grant Price's motion to dismiss Jones's complaint with prejudice. (dkt. no. 27). Jones filed timely objections to the second R&R on October 10, 2008 (dkt. no. 29), in which he alleged that a more private location for the search Price conducted was less than ten feet away from the location Price used. As a result of this new and disputed material fact, the Court remanded the case to Magistrate Judge Seibert for further consideration. (dkt. no. 30).

On March 11, 2009, Magistrate Judge Seibert issued an order directing the parties to file supplemental memoranda regarding the new factual issue raised by Jones. (dkt. no. 32). On April 13, 2009, Price filed his second motion for summary judgment, (dkt. no. 34), in which he argued that 1) Jones's constitutional right to privacy had not been violated by the visual strip search; 2) Jones had failed to allege a physical injury as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e); and 3) Jones's claim failed because Price, as a correctional officer, is qualifiedly immune from suit on any of the grounds alleged by Jones. (dkt. no. 20). On May 27, 2009, the Court issued a second <u>Roseboro</u> Notice in which it warned Jones of the need to file a

**JONES V. PRICE**  1:07CV57

**ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

response or face possible dismissal of his lawsuit. Roseboro, 528 F.2d at 310. (dkt. no. 35).

In response, Jones filed "Plaintiffs [sic] Opposition to Defendants [sic] April Supplement, the Signed Affidavit, and Why This Case Should Not Be Dismissed." (dkt. no. 37). In this document, he argued that 1) there was a private room designated for strip searches approximately ten feet away from the area where Price searched him; 2) only six to seven inmates were waiting to be searched that day; 3) no danger existed to inmates or staff by moving the search; 4) the front of the holding cell in which he was searched was transparent; 5) the holding cell was completely visible to the female booking clerk from her desk area; 6) Price's actions were not consistent with the jail policy or training; 7) he was ordered to "strip naked in plain view of a female secretary, a civilian, and ordered to perform the embarrassing and humiliating actions of the strip search," and then forced to stand naked, in plain view of the female secretary while the officer searched through the clothing; 8) Price knew the search would be conducted in view of the secretary, but he ordered it anyway; and 9) Price's affidavit contained factual inconsistencies.

**ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

On June 29, 2009, the magistrate judge issued a third R&R recommending that Price's second motion for summary judgment be granted and that the case be dismissed with prejudice. (dkt. no. 38). That R&R concluded there was no genuine issue of material fact in dispute, and, as a matter of law, Price's search of Jones had been conducted in a reasonable manner that did not violate his constitutional rights. Magistrate Judge Seibert based these conclusions on the fact that Jones had presented no evidence, by affidavit or otherwise, to support his version of the events.

On July 8, 2009, Jones filed timely objections to the third R&R (dkt. no. 42), in which he contended that his case presented genuine issues of material fact. He also provided a signed, sworn affidavit describing in detail the circumstances surrounding his search and the manner in which Price performed it. Id. Specifically, his affidavit disputes many of the facts to which Price attested in his own affidavit. For example, Price averred that, before the search, he ordered Jones to the corner of the cell and then stood in the doorway of the cell using his body to block the female booking clerk's view. Jones's affidavit asserts, to the contrary, that the entire front of the holding cell where Price searched him had a transparent or glass-like front wall, and that

**JONES V. PRICE**                                                 **1:07CV57**

**ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

it was impossible for Price to block the view of the secretary with his body.

Following its <u>de novo</u> review of the R&R and Jones's objections to it, the Court finds that Jones has raised new issues of material fact previously not known to, or considered by, the magistrate judge, and that these issues warrant denial of Price's motion for summary judgment. Accordingly, the Court **SUSTAINS** Jones's objections to the R&R (dkt. no. 42), and **DENIES** Price's motion for summary judgment (dkt. no. 34). It also **DENIES AS MOOT** Jones's motion for continuance (dkt. no. 41).

### III. STANDARD OF REVIEW

In reviewing an R&R, the Court reviews <u>de novo</u> any portions thereof to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed. <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983). Here, based on the objections filed by Jones, the Court must review <u>de novo</u> Price's motion for summary judgment.

### IV. ANALYSIS

A moving party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions

**JONES V. PRICE**                                                1:07CV57

**ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 259 (1986). In considering a motion for summary judgment, the court is required to draw reasonable inferences from the facts in the light most favorable to the nonmoving party. Id. at 255.

The moving party has the initial burden of showing the absence of a genuine issue concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970). Once the moving party has met this burden, the burden shifts to the nonmoving party to "establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To discharge this burden, the nonmoving party cannot rely on its pleadings, but instead must show evidence of a genuine issue for trial. Id. at 324.

As already noted, Price argues that summary judgment in his favor is warranted because 1) Jones's constitutional right to

**JONES V. PRICE**                                                                1:07CV57

**ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

privacy was not violated by the visual strip search; 2) Jones has failed to allege a physical injury as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e); and 3) he, Price, is shielded from liability by good faith qualified immunity. (dkt. no. 20). The Court will review each of these arguments in turn.

### 1. The Constitutionality of Strip Searches

The Supreme Court of the United States has ruled that a body cavity search does not violate an inmate's Fourth Amendment rights if the search is reasonable and not motivated by punitive intent. Bell v. Wolfish, 441 U.S. 520, 545-546, 558-61 (1979). To determine whether such a search is reasonable, courts should consider 1) the scope of the particular intrusion, 2) the manner in which it is conducted, 3) the justification for its initiation, and 4) the place in which it was conducted. Id. at 559.

Courts also should give great deference to decisions made by officials relating to their administration of a prison facility. Id. at 547. Here, Jones challenges only the manner and place in which Price conducted the search. He claims Price searched him in a holding cell that had a transparent front while a female booking clerk watched from her desk across the hall. Jones contends that

8

**JONES V. PRICE**  1:07CV57

**ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

the search could have been conducted in a private shower stall located less than ten feet away from the holding cell.

In Lee v. Downs, the United States Court of Appeals for the Fourth Circuit applied a "reasonable necessity" standard to prison strip searches exposing a prisoner's genitals to a member of the opposite sex:

> Persons in prison must surrender many rights of privacy which most people may claim in their private homes. Much of the life in prison is communal, and many prisoners must be housed in cells with openings through which they may be seen by guards. Most people, however, have a special sense of privacy in their genitals, and involuntary exposure of them in the presence of the other sex may be especially demeaning and humiliating. When not <u>reasonably necessary</u>, that sort of degradation is not to be visited upon those confined in our prisons.

641 F.2d 1117, 1119 (1981)(emphasis added).

Here, material facts are in dispute as to whether Price conducted his search of Jones in a reasonably necessary manner. Magistrate Judge Seibert premised his recommendation in favor of Price on the fact that Jones had provided no proof of his allegations by a sworn affidavit or other proffer of evidence. (dkt. no. 38 at 6). In the objections he filed on July 8, 2009, however, Jones attached a signed, sworn affidavit stating that, at

**JONES V. PRICE**                                                  **1:07CV57**

**ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

the time of the search, prison staff had access to an alternative location where they could have conducted the search out of the view of the female booking clerk. Jones also stated that the front of the cell in which he was searched was transparent, and contended that Price could not have afforded him privacy by simply blocking the door with his body.

This additional evidence raises a genuine issue of material fact that requires a credibility determination by a jury. In X v. Bratten, No. 91-6335, 1994 U.S. App. LEXIS 20669(4th Cir. Aug. 8, 1994)(unpublished), the plaintiff brought a civil rights claim against various prison officials alleging that a female prison guard was present when he was strip searched. Id. at *1. The district court granted summary judgment to the defendants who had argued that, because the female guards had never seen the inmate nude, their presence could not have violated the plaintiff's constitutional rights. Id. at *3. The inmate appealed this decision on the ground that, pursuant to Roseboro, he had not been adequately advised of his right to file a response disputing the defendants' argument.

In Bratten, the Fourth Circuit reasoned that, even if the court had issued a Roseboro notice, the district court's grant of

**JONES V. PRICE**                                            **1:07CV57**

**ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

summary judgment would still have been improper because genuine issues of material fact were in dispute. <u>Id.</u> It noted that the plaintiff's verified complaint contended that the female guard was looking at him during the strip search, and that the prison guard, in an affidavit, had sworn she moved away from the search and turned her back to avoid seeing it. <u>Id.</u> The contradictory assertions between the inmate and the prison guard created a genuine issue of material fact that could only be resolved with a credibility determination. <u>Id.</u>

    Unlike the inmate in <u>Bratten</u>, Jones did receive a <u>Roseboro</u> notice and responded to Price's motion for summary judgment. To the extent that there are facts in conflict as to how Price conducted the strip search of Jones, however, his case resembles <u>Bratten</u>. Price, contends that the location of the search was reasonable because a security breach in the institution necessitated that a large number of inmates be searched at once, which required half to be searched in the holding cell while the remainder were searched in a nearby shower room. Price also indicates that he instructed Jones to go to the back corner of the cell, after which he blocked the door and thus the female booking

11

**JONES V. PRICE**                                               **1:07CV57**

**ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

clerk's view of Jones. Price further asserts that he instructed the female booking clerk to move and look away from the search.

Jones, however, contends that only six to eight inmates needed to be searched, and that all could have been searched in the shower room out of the view of the female booking clerk. He also avers that the entire front of the holding cell in which the search occurred was transparent, affording him no privacy from the gaze of the booking clerk. In light of his affidavit, and the additional information he provided in his objections, there are genuine issues of material fact in dispute in this case.

### 2. PLRA

Price also argues that Jones "failed to allege a physical injury as required by 42 U.S.C. § 1997e(e)." (dkt. no. 20). Section 1997e(e) of the PLRA places limitations on the ability of prisoners to recover damages in civil suits: "Limitation on Recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." It is the nature of the relief sought, however, and not the underlying substantive violation that controls this limitation on recovery in § 1997e(e). Hutchins v. McDaniels,

12

**JONES V. PRICE** 1:07CV57

**ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

512 F.3d 193, 196 (5th Cir. 2007)(citing Geiger v. Jowers, 404 F.3d 371, 375 (5th Cir. 2005)).

Absent a showing of physical injury, § 1997e(e) bars an inmate from seeking compensatory damages in all federal civil actions alleging constitutional violations and mental or emotional injuries. It does not, however, prevent an inmate from seeking nominal damages for these injuries, even where there is no physical injury. See Page v. Kirby, 314 F. Supp.2d 619, 622 (N.D.W.Va. 2004) (noting that § 1997e(e)'s physical injury requirement does not preclude recovery of nominal damages). Prisoners, therefore, may vindicate violations of their constitutional rights by seeking an award of nominal damages even in the absence of an injury otherwise justifying compensatory damages. Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978)(approving of the recovery of nominal damages in a § 1983 action without proof of physical injury).

Although the Fourth Circuit has not addressed the issue of § 1997e(e)'s limitations on recovery for constitutional violations, several circuit courts that have considered this issue have allowed inmates to proceed with claims for nominal damages, absent a physical injury, for alleged violations of the First, Fourth,

**JONES V. PRICE**                                                  **1:07CV57**

 **ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING
 PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT
 JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

Fifth, Eighth, and Fourteenth Amendments. See, e.g., Hutchins v. McDaniels, 512 F.3d 193, 197-198 (5th Cir. 2007)(allowing an inmate to seek recovery of nominal damages for violation of his Fourth Amendment rights); Hughes v. Lott, 350 F.3d 1157, 1162 (11th Cir. 2003) (Fourth Amendment); Calhoun v. Detella, 319 F.3d 936, 941 (7th Cir. 2003) (Eighth Amendment); Oliver v. Keller, 289 F.3d 623, 630 (9th Cir. 2002) (Fourteenth Amendment); Thompson v. Carter, 284 F.3d 411, 418 (2d Cir. 2002) (Fifth and Eighth Amendments); Searles v. Van Bebber, 251 F.3d 869, 879 (10th Cir. 2001) (First Amendment); Doe v. Delie, 257 F.3d 309, 314 n.3 (3d Cir. 2001)(Fourteenth Amendment) see also Allah v. Al-Hafeez, 226 F.3d 247, 251 (3d Cir. 2000) (determining that, although § 1997e(e) bars a prisoner's claim for compensatory damages absent a showing of physical injury, it does not bar an award of nominal damages for a violation of his rights under the First Amendment).

Several other circuit courts have held that, in most cases, § 1997e(e) does not preclude a prisoner's recovery of punitive damages for violation of constitutional rights in the absence of a physical injury. In Hutchins, 512 F.3d at 197-98, for example, the Fifth Circuit held that, under § 1997e(e), punitive damages may be recovered absent an entitlement to compensatory damages, or a

**JONES V. PRICE**                                                    **1:07CV57**

 **ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

showing of physical injury, where there has been a Fourth Amendment violation. See also Calhoun, 319 F.3d at 941 (stating that punitive damages are not barred by the limitation set forth in § 1997e(e) in an action involving an alleged violation of the Eighth Amendment because punitive damages serve a different purpose than compensatory damages). See also Searles, 251 F.3d 869 (noting that under the PLRA, punitive damages may be recovered for a First Amendment violation without a showing of compensable physical injury); and Al-Hafeez, 226 F.3d at 251 (holding that despite the physical injury requirement of § 1997e(e), punitive damages may be awarded based solely on a constitutional violation of the First Amendment).

At least one circuit court, however, has held that § 1997e(e) precludes recovery of punitive damages for a constitutional violation where there is no physical injury. In Davis v. District of Columbia, 158 F.3d 1342, 1348 (D.C. Cir. 1998) the Circuit Court of Appeals for the District of Columbia concluded that "much if not all of Congress's evident intent would be thwarted if prisoners could surmount § 1997e(e) simply by adding a claim for punitive damages and an assertion that defendant acted maliciously."

**ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

After due consideration, this Court adopts the majority's interpretation of § 1997e(e)'s limitation on recovery, and holds that § 1997e(e) of the PLRA does not bar recovery of nominal or punitive damages in the absence of a physical injury where an inmate can show an injury of constitutional dimensions.

Jones has not alleged a physical injury. Rather, he claims to have suffered mental and emotional injuries, as well as a violation of his constitutional rights, as a result of the strip search. Consequently, there is no genuine issue of material fact as to whether he suffered a physical injury. As a matter of law, therefore, his claim for compensatory damages in the amount of ten million dollars is clearly barred by § 1997e(e) because it fails to meet the physical injury requirement of the PLRA. 42 U.S.C. § 1997e(e). He may, however, recover nominal, or even punitive damages, for the violation of his constitutional rights should a jury ultimately find that the manner in which Price searched Jones violated Jones's constitutional right to privacy. Therefore, the PLRA does not totally bar Jones's claim.

### 3. Qualified Immunity

Price also has argued that good faith qualified immunity shields him from liability in this action because his conduct did

**JONES V. PRICE**                                                     **1:07CV57**

**ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

not violate a clearly established right held by Jones. Claims of qualified immunity require a two-pronged inquiry. Doe v. South Carolina Department of Social Services, 2010 U.S. App. LEXIS 4740, *12 (4th Cir. Mar. 5, 2010). A government official will be granted qualified immunity unless "(1)'the facts that plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6),(c)) or shown (see Rules 50, 56) make out a violation of a constitutional right' and (2)'the right at issue was 'clearly established' at the time of the alleged misconduct.'" Doe, 2010 U.S. App. LEXIS 4740, *12 (4th Cir. Mar. 5, 2010)(citing Pearson v. Callahan, 129 S. Ct. 808, 815-16 (2009).

A clearly established right is one that has been authoritatively established by the Supreme Court of the United States, the appropriate court of appeals, or the highest court of the state in which the action arose. Doe, 2010 U.S. App. LEXIS 4740 (4th Cir. Mar. 5, 2010); see also Edwards v. City of Goldsboro, 178 F.3d 231, 251 (4th Cir. 1999). The Court has discretion to decide "'which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.'" Doe, 2010 U.S.

**JONES V. PRICE**                                              **1:07CV57**

 **ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING
 PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT
 JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

App. LEXIS 4740, *12 (4th Cir. Mar. 5, 2010)(citing <u>Pearson</u>, 129 S.Ct. at 818).

As qualified immunity is designed to shield officials "not only from liability but from the burdens of litigation, its establishment at the pleading or summary judgment stage has been specifically encouraged." <u>Pritchett v. Alford</u>, 973 F.2d 307, 313 (4th Cir. 1992). In qualified immunity cases, however, the summary judgment doctrine is not to be skewed from its ordinary operation to give special substantive favor to the defense. <u>Id.</u> Summary judgment is only appropriate where there are no genuine issues of material fact, and the undisputed facts establish that the movant is entitled to judgment as a matter of law. <u>Id.</u>

Further, the narrow question "of whether a right allegedly violated was clearly established at the appropriate level of inquiry and at the time of the challenged conduct is always a matter of law for the court." <u>Id.</u> Yet the question "whether the conduct allegedly violative of the right actually occurred, or, if so, whether a reasonable offic[ial] would have known that the conduct would violate that right . . . may or may not be then subject to determination as a matter of law." <u>Id.</u> If there are genuine issues of historical fact concerning the official's

**JONES V. PRICE**                                                            1:07CV57

**ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

conduct, or his reasonableness, summary judgment is not appropriate and must be reserved for trial. Id.

Here, Price has failed to establish that he is shielded by qualified immunity. Jones has identified the violation of his constitutional right to keep his genitals private from unreasonable exposure to members of the opposite sex. In Lee v. Downs, 641 F.2d at 1119, the Fourth Circuit recognized that inmates have a right to the privacy of their genitals absent reasonable necessity. Inasmuch as the Fourth Circuit articulated this constitutional right of privacy in 1981, it was clearly established when Price searched Jones in 2007. Whether Price acted reasonably under the circumstances is disputed, and to determine whether Price did act reasonably as to the place and manner in which he searched Jones will require factual findings, as well as a jury's evaluation of the credibility of both Price and Jones. Judgment as a matter of law, therefore, is inappropriate and the Court **DENIES** Price's motion for summary judgment.

## V. CONCLUSION

The Court **SUSTAINS** Jones's objections (dkt. no. 42), **REJECTS** the report and recommendation of the magistrate judge (dkt. no. 38), and **DENIES** Price's motion for summary judgment (dkt. no. 34).

**ORDER SUSTAINING JONES'S OBJECTIONS, REJECTING THE R&R, DENYING PRICE'S SECOND MOTION FOR SUMMARY JUDGEMENT, AND DENYING AS MOOT JONES'S MOTION FOR A SIXTY DAY CONTINUANCE OF THE COURT'S RULING.**

The Court will set a date for a scheduling conference by separate order.[1]

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to transmit copies of this order to counsel of record and to the pro se petitioner, certified mail, return receipt requested. Dated: March 17, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] At the time Jones filed his objections to Magistrate Judge Seibert's R&R, on July 8, 2009, he also moved the Court to postpone its ruling on the R&R by sixty days. (dkt. no. 41). To the extent that more than sixty days have expired since Jones filed this motion, the Court **DENIES** the motion **AS MOOT**.